# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MARK KRAUTLE,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. _____ |
| | ) |
| v. | ) Judge _____ |
| | ) |
| **SELECT SPECIALTY HOSPITAL-** | ) |
| **CINCINNATI, INC. d/b/a SELECT** | ) |
| **SPECIALTY HOSPITAL CINCINNATI** | ) |
| **NORTH,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Defendant Select Specialty Hospital - Cincinnati, Inc. d/b/a Select Specialty Hospital Cincinnati North ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, respectfully submits this Notice of Removal and removes Case No. A 2004000 from the Court of Common Pleas for Hamilton County, Ohio, the court in which this case is presently pending, to the United States District Court for the Southern District of Ohio, Western Division.  This action is being removed based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  As grounds for this removal, Defendant states as follows.

## LITIGATION FACTS

1. On or about November 13, 2020, Plaintiff Mark Krautle ("Plaintiff") filed the present action against Defendant in the Court of Common Pleas of Hamilton County, Ohio, designated as Case No. A 2004000 ("State Court Action").  Plaintiff served Defendant with the Summons on November 23, 2020.  A copy of the Summons and Complaint received by Defendant is attached as Exhibit A.

2. Exhibit A constitutes all process, pleadings, and orders served upon or received by Defendant.

1

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

3. Plaintiff's Complaint establishes that there are federal questions. Plaintiff alleges violations of the Family and Medical Leave Act ("FMLA") and the Families First Coronavirus Response Act ("FFCRA"). This Court has original jurisdiction over these claims under 28 U.S.C. § 1331.

4. Under 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over the remaining state law claims.

## CITIZENSHIP OF THE PARTIES AND AMOUNT IN CONTROVERSY

5. Plaintiff is a resident of the State of Ohio. (Compl. ¶ 1)

6. Plaintiff admits that Defendant is a foreign corporation. (Compl. ¶ 2)

7. The amount in controversy is to be determined based on the plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Although Plaintiff's Complaint does not specify the amount in controversy, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

8. Plaintiff's Complaint seeks substantial monetary and injunctive damages from Defendant, including as stated in his demand for relief: "[a]n award . . . for compensatory and monetary damages . . . in an amount in excess of $25,000 per claim," "[a]n award of punitive damages . . . in an amount in excess of $25,000," and attorneys' fees. (Compl. "Wherefore"

paragraph)

9. Adding together all the types of monetary damages Plaintiff seeks, it can reasonably be assumed that the amount in controversy easily exceeds $75,000. Plaintiff brought six claims and seeks "an amount in excess of $25,000 per claim." This equals to at least $150,000. In addition, when determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees, if pled, are also included. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (attorney's fees); *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (attorney's fees and punitive damages). Attorney's fees alone for one year of litigation, even assuming no appeal, could exceed $75,000.

10. While Defendant specifically denies Plaintiff's claims and entitlement to all the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceeds $75,000.00.

11. Accordingly, this action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

**REMOVAL**

12. Because a federal question exists, and there exists diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, the United States District Court for the Southern District of Ohio, Western Division, has original jurisdiction over this matter.

13. Pursuant to 28 U.S.C. § 1441, et seq., the right exists to remove this case to the United States District Court for the Southern District of Ohio, Western Division, which embraces the place where the action is currently pending.

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of receipt of the Complaint.

15. Venue is proper in the Southern District of Ohio, because the actions complained of in Plaintiff's Complaint allegedly occurred in Hamilton County, Ohio. Plaintiff initiated this action in Hamilton County.

16. As required by 28 U.S.C. § 1446(d). Defendant will give notice of removal of this action to the Court of Common Pleas of Hamilton County, Ohio. A copy of this Notice is attached as Exhibit B.

17. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

18. For these reasons, Select Specialty Hospital - Cincinnati, Inc. d/b/a Select Specialty Hospital Cincinnati North, gives notice that this action is hereby removed from the Court of Common Pleas of Hamilton County, Ohio. Defendant respectfully requests that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

Respectfully submitted,

*/s/ Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
Trial Attorney
Alessandro Botta Blondet (0098955)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
pryorp@jacksonlewis.com
alessandro.bottablondet@jacksonlewis.com

        Telephone: (513) 898-0050
        Fax: (513) 898-0051

*Attorneys for Defendant Select Specialty Hospital - Cincinnati, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, a true and accurate copy of the foregoing Notice to State Court of Removal was filed with the Court Electronic Filing System and was served by regular U.S. mail, postage prepaid, upon the following:

Matthew G. Bruce
Evan R. McFarland
The Spitz Law Firm
Spectrum Tower
11260 Chester Rd., Suite 825
Cincinnati, OH 45246
Matthew.Bruce@SpitzLawFirm.com
Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff*

        */s/ Patricia Anderson Pryor*
        Patricia Anderson Pryor

4837-3237-0900, v. 1