## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARK KRAUTLE<br>3554 Daytona Ave.<br>Cincinnati, OH 45211<br><br>               Plaintiff,<br><br>               v.<br><br>SELECT SPECIALTY HOSPITAL -<br>CINCINNATI, INC.<br>d/b/a SELECT SPECIALTY HOSPITAL -<br>CINCINNATI NORTH<br>10500 Montgomery Road, Ground Floor<br>Cincinnati, OH 45242<br><br>    **Serve also**:<br>    Select Specialty Hospital<br>    - Cincinnati, Inc.<br>    d/b/a Select Specialty Hospital<br>    - Cincinnati North<br>    c/o CT Corp. System (Stat. Agent)<br>    4400 Easton Commons Way, Ste. 125<br>    Columbus, OH 43219<br><br>    -and-<br><br>Select Medical Corp.<br>d/b/a Select Specialty Hospital -<br>Cincinnati North<br>4714 Gettysburg Road<br>Mechanicsburg, PA 17055<br><br>               Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

       Plaintiff Mark Krautle, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES, JURISDICTION, & VENUE

1. Krautle is a resident of the city of Cincinnati, Hamilton County, state of Ohio.

2. Defendant SELECT SPECIALTY HOSPITAL - CINCINNATI, INC. d/b/a SELECT SPECIALTY HOSPITAL - CINCINNATI NORTH ("Select") is a foreign corporation that conducts business within the state. The events that give rise to the claims for relief in this Complaint occurred at Select's location in Bethesda North Hospital at 10500 Montgomery Road, Ground Floor, Cincinnati, OH 45242.

3. Select is, and was at all times hereinafter mentioned, Krautle's employer within the meaning of Family First Coronavirus Response Act ("FFCRA") 29 U.S.C. § 2620 et seq., Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq., and R.C. § 4112.01(A)(2).

4. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).

5. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

7. Krautle is a former employee of Select.

8. At all times noted herein, Krautle was fully qualified for and could fully perform the essential functions of his job.

9. Krautle worked for Select as a registered nurse ("RN") from mid-December 2010 until Select terminated Krautle's employment on or about May 31, 2020.

10. Krautle is age 61 and is disabled due to his end-stage heart failure, placing him in protected classes for age and disability, respectively.

2

11. Select had notice of both of Krautle's protected classes from early on in his employment (for his age and likely his disability), and/or at least from when he submitted his FMLA documentation (for his disability, *infra*).

12. Krautle came to Select after working for Deaconess Hospital for around three decades.

13. Select, at the time, was a regency hospital at Deaconess, and Krautle had some interactions with the Chief Nursing Officer ("CNO"), leading him to receive an offer from the CNO to join Select when Deaconess closed.

14. Krautle's early employment was overall quite positive, he worked as a charge nurse on multiple occasions, received raises, was evaluated as an excellent performer, and had no substantial history of discipline for any reason.

15. For decades, Krautle has had issues with his heart. In or around 1995, he had a mitral valve replacement surgery.

16. From 2015 through 2016, Krautle's heart condition worsened significantly

17. On or about June 7, 2019, Krautle applied for and began receiving intermittent FMLA through Select. Krautle did not use the FMLA often.

18. On or about March 11, 2020, Krautle fell ill with a cold and was off work for three days as a result.

19. Around that same time, the Centers for Disease Control and Prevent ("CDC") began sending out warnings about the impending COVID-19 pandemic.

20. Krautle, with his serious health condition, was at an extremely high risk for complications from COVID-19.

21. On or about March 13, 2020, Krautle called the human resources department (Jennifer Casson (50s)) to discuss expanded FMLA because of the pandemic.

22. Krautle's doctor had requested that he shelter in place for two months because of his serious risk. Krautle also spoke with his nursing manager (Cindy (LNU), age unknown).

23. The expanded FMLA request was denied but Select offered him personal leave in place.

24. From March through April 2020, Krautle began suffering from extreme fatigue and shortness of breath.

25. On or about April 28, 2020, Krautle discussed with his doctor and was referred to a specialist for a pacemaker.

26. On or about May 1, 2020, Krautle informed HR of this impending surgery and he was given some information regarding FMLA for the surgery.

27. On or about May 13, 2020, Krautle met with the specialist and scheduled the surgery for July 29, 2020.

28. After the surgery, Krautle was expected to be able to return to work, though with some lifting restrictions (only).

29. Shortly after, Krautle spoke again with HR and gave notice of the surgery date and his timeline to return to work.

30. HR told Krautle he would need new FMLA documents completed for the continuous leave for the surgery.

31. HR sent Krautle an email with the documents to complete, which Krautle gave to his doctor shortly after.

32. As requested, Krautle's doctor sent in the completed FMLA documents to Select within a few days of receiving them.

33. However, Select told Krautle that the documents were completed incorrectly, and that he would need to do it again. Krautle did so, and the cycle repeated numerous times.

34. Select rejected his FMLA documents somewhere between six to ten different times through May and June despite his doctor completing it correctly each time.

35. Krautle received a certified letter from Casson stating that he was simply not responding to the FMLA requests for information. This was false.

36. Krautle had his doctor complete the FMLA documents once more in or around early July 2020, but his heart surgery was canceled as a result of this failure to allow the leave from Select.

37. Through this process, Krautle repeatedly complained about the unfair treatment he was receiving for the situation. These were protected complaints of discrimination and retaliation against his age, disabilities, and FMLA usage.

38. Shortly after, Krautle called Select's corporate HR office to follow up in or around mid-July 2020.

39. Krautle was told that his insurance had been canceled on or about May 31, 2020.

40. Krautle must now make the assumption that his employment was terminated effective May 31, 2020.

41. Defendant's termination of Krautle was an adverse employment action against him.

42. Defendant's purported reason for (or lack thereof) Krautle's termination is pretextual.

43. Defendant actually terminated Krautle's employment discriminatorily against his actual and/or perceived disabilities and age, and/or to interfere with his FFCRA and FMLA rights, and/or in retaliation against his complaints of discrimination and FMLA usage.

44. As a result of Defendant's acts and omissions above, Krautle has suffered damages.

## **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.**

45. Krautle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

46. Due to his health issues described *supra*, Krautle was disabled within the meaning of R.C. § 4112.02.

47. Select was aware Krautle was disabled under R.C. § 4112.02.

48. In the alternative, due to Krautle's various health issues described herein, Select perceived Krautle as disabled under R.C. § 4112.02.

49. Krautle's disabilities substantially impaired one or more major life activities under R.C. § 4112.02.

50. Despite his disabling conditions, Krautle was still able to perform the essential functions of his job, with or without a reasonable accommodation.

51. R.C. § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

52. Select's termination of Krautle was an adverse employment action against him.

53. Select's purported reason (or lack thereof) for Krautle's termination was pretextual.

54. Select actually terminated Krautle's employment due to his actual or perceived disabilities.

55. Select violated R.C. § 4112.02 by terminating Krautle's employment because of his actual and/or perceived disabilities.

56. As a direct and proximate cause of Defendant's conduct, Krautle has suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, et seq.

57. Krautle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Krautle is in a protected class for his age (discussed *supra*).

59. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

60. Defendant treated Krautle differently than other similarly situated employees based upon his age.

61. Defendant replaced Krautle with someone outside his protected age class, upon information and belief.

62. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Krautle differently from other similarly situated employees outside his protected class.

63. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Krautle's age.

64. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Krautle's age.

65. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by terminating Krautle's employment because of his age.

66. Defendant's termination of Krautle's employment was an adverse employment action against him.

67. Defendant's proffered reason for (or lack thereof) Krautle's termination was pretextual.

68. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by terminating Krautle's employment because of his age.

Case: 1:20-cv-01022-SJD Doc #: 3 Filed: 12/22/20 Page: 8 of 13 PAGEID #: 38

69. Krautle incurred emotional distress damages as a result of Defendant's conduct described herein.

70. As a direct and proximate result of Defendant's acts and omissions, Krautle has suffered and will continue to suffer damages.

## COUNT III: RETALIATION

71. Krautle restates each and every prior paragraph of this complaint, as if it were fully restated herein.

72. During his employment, Krautle made multiple complaints of discirmiatnnion,

73. After Krautle's protected complaints, Defendant terminated his employment.

74. Krautle's termination was an adverse employment action against him.

75. Defendant's adverse employment actions were retaliatory in nature based on Krautle's protected complaint.

76. Pursuant to R.C. § 4112.02 et seq., it is an unlawful discriminatory practice retaliate against those who make protected complaints of discrimination.

77. As a direct and proximate result of Defendant's acts and omissions, Krautle has suffered and will continue to suffer damages.

## COUNT IV: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

78. Krautle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

80. Select is a covered employer under the FMLA.

8

E-FILED 11/13/2020 04:16 PM / CONFIRMATION 1006290 / A 2004000 / COMMON PLEAS DIVISION / IFIJ

81. Krautle was an employee eligible for FMLA due to both his severe health conditions and his adoption of a child.

82. During his employment, Krautle qualified for and inquired FMLA leave due to his disabilities.

83. During his employment with Select, Krautle was unable to receive FMLA benefits for his disabilities.

84. Defendant unlawfully interfered with Krautle's exercise of his rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

85. Defendant's refusal to provide Krautle with information pertaining to FMLA leave and/or permit Krautle to take FMLA leave violated and interfered with his FMLA rights.

86. As a direct and proximate result of Defendant's conduct, Krautle suffered and will continue to suffer damages.

87. As a direct and proximate result of Defendant's conduct, Krautle is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## COUNT V: RETALIATION IN VIOLATION OF THE FMLA

88. Krautle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. During his employment, Krautle qualified for and took intermittent FMLA leave.

90. Defendant knew Krautle took FMLA leave.

91. After Krautle utilized his qualified FMLA leave, Defendant retaliated against him.

92. Defendant terminated Krautle's employment.

93. Krautle's termination was an adverse employment action against him.

94. Defendant's proffered reason for Krautle's termination was pretextual.

95. There was a causal link between Krautle taking medical leave under the FMLA and Defendant's termination of Krautle's employment.

96. Defendant actually terminated Krautle for his FMLA use.

97. Defendant retaliated against Krautle by terminating his employment.

98. Defendant's actions show that it willfully retaliated against Krautle in violation of U.S.C. § 2615(a).

99. As a direct and proximate result of Defendant's wrongful conduct, Krautle is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT VI: UNLAWFUL INTERFERENCE WITH FFCRA RIGHTS

100. Krautle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Pursuant to the FFCRA, covered employers are required to provide employees job-protected paid leave for qualified medical and family situations related to the COVID-19 pandemic.

102. Select is a covered employer under the FFCRA.

103. Krautle was an employee eligible for FFCRA due to his severe health conditions (described *supra*) and due to the duration of his employment.

104. Select intentionally terminated Krautle's employment before his use of protected FFCRA leave in order to interfere with his FFCRA rights.

105. During his employment with Select, Krautle was unable to receive FFCRA benefits because of Select's interference with his FFCRA rights.

106. Defendant unlawfully interfered with Krautle's exercise of his rights under the FFCRA in violation the FFCRA.

107. Defendant's refusal to provide Krautle with information pertaining to FFCRA leave and/or permit Krautle to take FFCRA leave violated and interfered with his FFCRA rights.

108. As a direct and proximate result of Defendant's conduct, Krautle is entitled to all damages provided for in the FFCRA.

## DEMAND FOR RELIEF

WHEREFORE, Krautle demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c)  An award against Defendant for compensatory and monetary damages to compensate Krautle for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d)  An award of punitive damages against Defendant in an amount in excess of $25,000;

e)  An award of reasonable attorneys' fees and non-taxable costs for Krautle's claims as allowable under law;

f)  An award of the taxable costs of this action; and

g)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Matthew G. Bruce
Matthew Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
THE SPITZ LAW FIRM
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Mark Krautle*

## JURY DEMAND

Plaintiff Mark Krautle demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce
Matthew Bruce (0083769)